IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                No. CR 05-2764 JB

JOSE FERNANDO RIVAS-MACIAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Objections to the Pre-sentence Report, filed July 23, 2006 (Doc. 87)("Defendant's PSR Objections"); and (ii) the Defendant's Objections to the Addendum to His Pre-sentence Report, filed July 30, 2006 (Doc. 88)("Defendant's Addendum Objections"). The Court held a hearing on these objections at the sentencing hearing on August 8, 2006. The primary issues are: (i) whether the Court should give Defendant Jose Fernando Rivas-Macias a two-level increase for obstruction of justice; and (ii) whether the Court should give Rivas-Macias a two-level decrease for minor role adjustment. Because the Court concludes that neither adjustment is appropriate, the Court will sustain the objections in part and deny the objections in part.

## PROCEDURAL BACKGROUND

**A. RIVAS-MACIAS' OBJECTIONS TO THE PSR.**

    **1. Objection to Paragraph 17 of the PSR.**

Rivas-Macias objects to paragraph 17 of the Pre-sentence Report ("PSR"). See Defendant's PSR Objections at 1. In paragraph 17, the United States Probation Office ("USPO") determined that

Rivas-Macias was responsible for 4.92 kilograms of cocaine, providing for a guideline level of 30 and a sentence of 121 to 151 months. See PSR at ¶17, 5.

As to Rivas-Macias' objection to paragraph 17, on July 24, 2006, the USPO contacted the Assistant United States Attorney ("AUSA") assigned to the case. See Addendum to the Pre-sentence Report at 2, approved July 27, 2006 ("Addendum"). The AUSA stated that, at trial, the parties stipulated in a Stipulation, which was entered as Government's Exhibit 2, that the amount of cocaine was 4.28 net kilograms of cocaine. See id. Rivas-Macias and his attorney signed this Stipulation, which the USPO attached to its July 27, 2006 Addendum. See Addendum, Stipulation (attached). The USPO states that, when the PSR was originally disclosed, this information was not available. See Addendum at 2. This change, however, does not change the base offense level. See id.

At the hearing, Rivas-Macias' clarified that he was objecting to paragraph 17 of the PSR because of the weight figure it included and, based upon his understanding of the Stipulation, because there was no trial testimony regarding the weight of cocaine that he was responsible for. See Hearing Transcript at 11:14-21 (Anderson)(taken August 8, 2006)("Hearing Transcript").

### 2. Objection to Paragraph 21 of the PSR.

Rivas-Macias objects to paragraph 21 of the PSR, see Defendant's PSR Objections at 1-2, in which the USPO gave Rivas-Macias a two-level increase for obstruction of justice, because he testified on his own behalf and was subsequently convicted, see PSR at ¶21, 6. Rivas-Macias objects to these guideline-level enhancements because they are based on facts that he did not admit and that a jury did not find, in alleged violation of United States v. Booker, 125 S.Ct. 738 (2005), and Blakely v. Washington, 124 S.Ct. 2531 (2004). See Defendant's PSR Objections at 1-2. Rivas-Macias argues that, pursuant to 21 U.S.C. § 841(b)(1)(B), Congress has set the penalty for the crime of

which he was convicted at 5 to 40 years, allowing the Court, in its discretion, to impose a sentence within that range. See id.

As to Rivas-Macias' objection to paragraph 21, the July 27, 2006 Addendum states:

> The probation office reviewed the clerk's minutes from the trial and contacted the Assistant United States Attorney assigned to the case. Based on the clerk's minutes, it appears that the defendant did deny his involvement in the conduct for which he was convicted of at trial. The Assistant United States Attorney asserts the defendant during his testimony denied any involvement in the factual allegations presented to the jury.

Addendum at 2.

### B. THE UNITED STATES' OBJECTIONS TO THE PSR.

The United States did not file formal objections to the PSR. The United States did, however, send the USPO a letter, dated July 10, 2006, informally objecting to paragraph 20 of the PSR, see Letter from Alfred J. Perez, AUSA, to Maria E. Ramirez, USPO, dated July 10, 2006 ("July 10 Letter"), which stated that Rivas-Macias was a minor participant in the crime and afforded Rivas-Macias a two-level mitigating role reduction from his base offense level, see PSR at ¶20, at 6. Specifically, the United States indicated that this assessment was in conflict with an increase for obstruction of justice. See July 10 Letter at 1. In subsequent conversations, the United States provided the USPO with additional information presented at trial that, the United States contended, showed Rivas-Macias' role was not mitigating. See Addendum at 1.

As to the United States' objection to paragraph 20, in the July 27, 2006 Addendum, the USPO states:

> After further review of the information presented by the Government from trial, the defendant appears to have played a different role than previously assessed. This information presented recently would indicate that Rivas-Macias was more involved in the instant offense than he asserted at trial. Trial testimony from co-defendant

>Serra implicates Rivas-Macias as working alongside Carlos, last name unknown, in previous deliveries of drugs and in the instant offense. Furthermore, during the instant offense Rivas-Macias and Carlos worked alongside one another in that Rivas-Macias took the loaded vehicle to the location where Carlos, Jimarez, and Serra were waiting. Based on this trial testimony, it appears the defendant was not simply a courier and that he had broader knowledge than previously known. Therefore, a two-level reduction from the base offense level is not warranted and should not have been assessed in the presentence report. By way of this addendum, the corrected role adjustment and offense level computations are presented below. However, should the Court need further information to assess the defendant's role, an evidentiary hearing may be required. The United States Probation Office would defer to the Government to present evidence to support the aforementioned.

Addendum at 1.

### C. THE DEFENDANT'S OBJECTIONS TO THE ADDENDUM TO THE PSR.

In Defendant's Objections to the Addendum to his Pre-sentence Report, Rivas-Macias objects to the Addendum's response to the United States' informal objection to paragraph 20 of the PSR. See Defendant's Addendum Objections at 1. In support of his objection, Rivas-Macias contends: (i) that the United States failed to inform the USPO that co-defendant Alvaro Jimarez told investigators that co-defendant Sergio Serra called Jimarez looking for directions because Serra could not locate the apartment where cocaine was allegedly delivered; (ii) that the United States failed to notify the UPSO that government witness Raul Antonio Davalos testified at trial that Rivas-Macias was the passenger of the red Taurus, not its driver; and (iii) that it was clear from the evidence that the leader and organizer of the drug scheme was someone known as "Carlos," that Serra lied about the extent of his involvement in the scheme, and that Jimarez and Serra were deeply involved in the drug organization. See Defendant's Addendum Objections at 2.

### LAW REGARDING OBSTRUCTION OF JUSTICE ENHANCEMENT

The Supreme Court of the United States, in United States v. Booker, 125 S.Ct. 738, ruled

that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct at 756. See also United States v. Gonzalez-Huerta, 403 F.3d 727, 731 (10th Cir. 2005)(discussing United States v. Booker). Relatedly, in United States v. Begaye, 163 Fed.Appx. 669 (10th Cir. 2006), the United States Court of Appeals for the Tenth Circuit ruled that "an automatic finding of untruthfulness, based on the verdict alone, would impinge upon the constitutional right to testify on one's own behalf." 163 Fed.Appx. at 673 (quoting United States v. Markum, 4 F.3d 891, 897 (10th Cir.1993)).

## ANALYSIS

Because the USPO's Addendum effectively reformed paragraph 20 of the PSR to reflect the United States' objection to that paragraph and its preferences, the Court need not address the United States' informal objection here.

### 1. Defendant's Objection to Paragraph 17 of the PSR.

The Court will sustain in part and overrule in part Rivas-Macias' objection to paragraph 17 of the PSR. Based upon the Stipulation and reasons consistent with the Court's ruling on this objection given at the time of the hearing, the Court finds that it can take judicial notice of the weight of the cocaine and that testimony regarding that fact is not required. See Hearing Transcript at 12:6-12. Accordingly, based upon the trial record, the Stipulation, and reasons consistent with the Court's ruling on this objection given at the time of the hearing, see id., the Court finds by a preponderance of the evidence that the actual weight of the cocaine was 4.28 net kilograms.

### 2. Defendant's Objection to Paragraph 21 of the PSR.

The Court will sustain the Rivas-Macias objection to paragraph 21 of the PSR. The Court

believes that the only basis for the USPO's recommendation concerning the enhancement for obstruction of justice was the fact that Rivas-Macias denied involvement in the criminal activity at trial and the jury found the contrary. Rivas-Macias contends that, by proposing he obstructed justice because the jury found him guilty after he testified, the USPO is asking the Court to find that Rivas-Macias perjured himself. Even if the standard of proof for this enhancement is one of preponderance of the evidence, a jury verdict on a drug charge is not evidence that rises to a preponderance of the evidence level on a perjury charge. The mere fact that Rivas-Macias testified to his innocence and was later found guilty by the jury does not automatically warrant a finding of perjury; an automatic finding of untruthfulness based on the verdict alone would impinge upon Rivas-Macias' constitutional right to testify on his own behalf. See United States v. Begaye, 163 Fed.Appx. at 673. For those reasons and consistent with the Court's ruling at the hearing on this objection, and for the reasons given at the time of the hearing, the Court will sustain the Rivas-Macias' objection to paragraph 21 of the PSR. See Hearing Transcript at 21:16-20 (Court); id. at 22:9-18 (Court).

### 3. Defendant's Objection to the Addendum.

The Court will overrule Rivas-Macias' objection to paragraph 20 of the PSR as reformed in the Addendum. In making a decision on role reduction, the Court must assess the overall criminal scheme or organization. See United States v. Salazar-Samaniega, 361 F.3d 1271, 1277 (10th Cir. 2004); U.S.S.G. § 3B1.2, comment. (n.3(A) & (C)). Then, the Court must also determine who fits the description of the average participant. See id. Next, the Court must decide whether the defendant is substantially less culpable than the average participant. See id. The Court believes that Rivas-Macias' co-defendant, Serra, is the most average person in the organization. Based on that assessment, the record before it, and reports from the DEA, the Court does not find that Rivas-

Macias is substantially less culpable than Serra. For that reason, and for reasons consistent with the Court's ruling on the objection at the time of the hearing, the Court will overrule Rivas-Macias' objection to paragraph 20 of the PSR as reformed in the Addendum.

**IT IS ORDERED** that Defendant's Objections to the Pre-sentence Report and the Defendant's Objections to the Addendum to His Pre-sentence Report are sustained in part and overruled in part. The Court sustains Rivas-Macias' objection to paragraph 21 of the PSR, sustains in part and overrules in part his objection to paragraph 17 of the PSR, and overrules his objection to paragraph 20 of the PSR as reformed in the Addendum.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Alfred Perez
  Assistant United States Attorney
Las Cruces, New Mexico

    *Attorney for the Plaintiff*

Howard Anderson
Fairacres, New Mexico

    *Attorney for the Defendant*